UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Suann Hefflinger,	Case No. 3:16-cv-02373

    Plaintiff

                                                   MEMORANDUM OPINION & ORDER

County of Erie, et al.,

    Defendants

## Background

On April 24, 2018, Plaintiff Suann Hefflinger and Defendants James Greenham, Joseph Schoolcraft, and a representative of Defendant Erie County, Ohio, participated in a settlement conference mediated by Magistrate Judge James R. Knepp, II. All parties also were represented by counsel throughout the settlement conference. Their efforts ultimately proved fruitful, as all parties reached verbal agreement on the settlement of all claims. The parties went on the record with Judge Knepp to review and confirm the terms of the agreement. At that time, Hefflinger indicated she was confused about the meaning of some of the terms and about their potential effect on a book she intends to write about her experiences. After some discussion with her attorney and Judge Knepp, Hefflinger confirmed she agreed with the terms as presented. Counsel for the Defendants reduced the agreement to writing and sent the agreement to Plaintiff's counsel, who forwarded the document to Hefflinger for her review and signature. (Doc. No. 71 at 2).

At that point, however, the process came to a standstill. Hefflinger did not return an executed copy of the agreement to her attorneys. After some discussions between counsel regarding the delay, Defendants filed a motion to enforce the settlement agreement. (Doc. No. 70). Defendants requested an order requiring Hefflinger to execute the written agreement and awarding attorney fees "incurred in their efforts to obtain enforcement of the agreement." (Doc. No. 70 at 2). Defendants also requested that this case be dismissed with prejudice if Hefflinger did not execute the agreement.

I set the matter for a hearing on August 8, 2018, and ordered Hefflinger and counsel for both parties to attend in person. During this hearing, Hefflinger indicated, as she had before Judge Knepp, she had not executed the agreement because she was unsure if she understood some of the terms of the settlement and that she wanted to be sure she still could write her book. Hefflinger stated she had contacted other attorneys, including through several legal aid organizations, to discuss her case and the potential of obtaining new counsel. She also emphasized this experience has been very stressful for her. After further discussion on the record with her attorney and with me, Hefflinger confirmed she understood the terms of the written agreement and signed the agreement during the hearing. Therefore, Defendants' request for an order requiring Hefflinger to execute the agreement is moot and all that remains is the request for attorney fees.

**ANALYSIS**

An agreement to settle claims between parties to litigation is a contract, and a court must enforce the agreement if the language of the agreement is clear and the parties enter the agreement voluntarily. *Miller v. Prompt Recovery Sergices, Inc.*, No. 5:11-cv-2292, 2014 WL 4230895, at *2 (N.D. Ohio, Aug. 25, 2014) (citing cases). Ohio law applies to the determination of whether the parties' settlement agreement is enforceable. *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir.

1992) (A settlement agreement is governed by the substantive law of the state in which the agreement was made.)

Under Ohio law, an unexecuted settlement agreement is enforceable if "there is sufficient particularity to form a binding contract." *Tocci v. Antioch Univ.*, 967 F.Supp.2d 1176, 1200 (N.D. Ohio 2013) (quoting *Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002)). The parties, after several hours of negotiations, put the material terms of their agreement on the record before Judge Knepp, including the financial terms and a release of liability for all preexisting claims. While Defendants were not obligated to transfer the settlement funds to Hefflinger before Hefflinger executed the release of her claims, Hefflinger's failure to sign did not undo an otherwise valid agreement. *See Henley v. Cuyahoga Cnty. Bd. of Mental Retardation and Developmental Disabilities*, 141 F. App'x 437, 444 (6th Cir. 2005) (affirming district court's determination that plaintiff's "execution of a release of her claims was a constructive condition precedent to triggering a duty to pay settlement proceeds").

As a general rule, parties to litigation each pay their own attorney fees. *See, e.g., Sorin v. Bd. Of Educ. of Warrensville Heights Sch. Dist.*, 347 N.E.2d 527 (Ohio 1976). "Attorney's fees may be awarded, however, if: (1) a statute creates a duty; (2) an enforceable contract provision provides for an award of attorney's fees; or (3) the losing party has acted in bad faith." *Miller*, 2014 WL 4230895 at *2 (quoting *Hagans v. Habitat Condo. Owners Ass'n*, 851 N.E.2d 544, 551 (Ohio Ct. App. 2006)). Defendants do not identify a statutory or contractual provision which would permit an award of attorney fees, and I conclude Hefflinger's conduct does not constitute bad faith. While Defendants understandably were frustrated with Hefflinger's reticence in executing the settlement agreement and her lack of communication with her attorney regarding the agreement, Hefflinger's conduct, and her stated reasons for that conduct, do not demonstrate that she acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Tocci*, 967 F.Supp.2d at 1201 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 258-59 (1975)); *cf. McCormick v. Brzezinski*, No. 08-10075, 2010 WL

1463176, at *6 (E.D. Mich., April 13, 2010) (plaintiff's "buyer's remorse" was not "conduct tantamount to bad faith").

Accordingly, I deny Defendants' request for an award of attorney fees.

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge